OBED F. STRICKLAND, *Respondent, v.* THE FLAGSTAFF S. M. CO., *Appellant.*

COMPLIANCE WITH ORDER OPENING DEFAULT. — Judgment by default, whereupon motion of Defendant the same is vacated and the default set aside "upon payment of costs taxed at twenty dollars," *held* that a payment of the twenty dollars to the Clerk of the Court is a substantial compliance with the order.

No APPEAL LIES FROM A JUDGMENT THAT HAS BEEN VACATED.—On a motion to vacate a judgment by default, and to set aside the default of Defendant, the Court made the following order : " That the judgment herein be set aside and the default opened, and that the Defendant have leave to answer within five days, upon payment of the costs taxed at ninety dollars, and in default of such answer the Plaintiff have judgment." *Held* that the opening of the default was absolute, and effectually disposed of the judgment, and that Defendant could not thereafter appeal from the judgment.

No APPEAL FROM ORDER OPENING DEFAULT.—There is no appeal from an order opening a default and setting aside a judgment.

ORDER REFUSING TO RETAX COSTS HOW REVIEWED.—There is no appeal from an order refusing to retax costs. Such an order can only be reviewed by an appeal from the judgment, and a statement annexed.

APPEAL from the Third District Court.

The facts are stated in the Opinion.

*Baskin & De Wolfe,* for Appellant.

*J. G. Sutherland,* for Respondent.

EMERSON, J., delivered the Opinion of the Court.

In this case there are several appeals by each party. On the 21st of January, A. D. 1874, the Plaintiff obtained a judgment by default against the Defendant for $8,333.33, and an execution was issued on this judgment

on the 23d day of January.    On the 24th day of January
the Defendant's attorneys filed a motion to set aside the
judgment, and to recall and quash the execution issued
therein, and that the Defendants be admitted to plead,
at the same time obtaining an order staying the execu-
tion until said motion should be heard and decided.

On the 2d day of March, 1874, the following order
was made and entered in the cause, viz. : " This cause
having heretofore been argued and submitted, upon con-
sideration it is ordered: That the judgment herein be
set aside, and the default be opened.    It is further or-
dered that the Defendant have leave to answer, but not
to demur, within five days, upon payment of the costs of
motion, taxed at twenty dollars, and in default of such
answer the plaintiff have judgment."

On the 5th day of March the Defendants' attorneys
filed their answer to the complaint, and tendered a copy
thereof to the Plaintiff's attorney, who declined to re-
ceive the same, claiming that the conditions of the order
of Court relative to the payment of the costs of the
motion had not been complied with.    It appears by the
record that on the day, and before the Defendants' attor-
neys filed the answer, they paid to the Clerk of the Third
District Court twenty dollars as a compliance with the
order, and that soon thereafter, upon inquiry being made
by the Plaintiff's attorney, as to whether the costs in
this case had been paid, the Clerk informed him that they
had, and that he held the money subject to his orders.

On the 16th day of March the Defendants' attorneys
filed and served a motion and notice of motion to quash
and set aside the execution issued in this cause on the
23d day of January, 1874.

On the 6th day of April an order was made denying
the motion, to which the Defendant excepted, and ob-
tained a stay of ten days to perfect an appeal from this
order.    The record shows that subsequently the officer
to whom the execution was delivered, returned the same
unsatisfied, having been informed that the case had been
appealed to the Supreme Court.

On the 8th day of April the Defendant filed and served a motion and notice of motion to retax the costs, and also a motion and notice of motion to set aside default entered on the 21st day of January.

On the 11th day of April an order was entered denying the motion to retax the costs, to which order the Defendant excepted, and obtained another stay of ten days to perfect an appeal from this order, and on the same day asked and obtained leave to withdraw his motion to set aside a default.

On the 14th day of April the Defendant filed and served a motion and notice of motion, asking to be relieved from the " force and effect " of the judgment, and all the orders heretofore made in the case, and filed certain affidavits in support of this motion, and had the hearing upon it set down for the 20th day of April.

On the 16th day of April the Plaintiff moved the Court to strike from the files certain affidavits filed by the Defendant in support of this last motion, and expunge certain statements therefrom as scandalous and impertinent. This motion referred to a series of affidavits filed by the Plaintiff in support of it, and was also set down for a hearing on the 20th of April. On the hearing of these motions the Court overruled the Defendant's motion for relief, which ruling was excepted to, and also overruled the Plaintiff's motion to strike affidavits from the files, and to expunge scandalous and impertinent matters. After the discussions upon the motions the counsel for the Plaintiff moved the Court for leave to read the affidavits filed by him, which was denied, and the Plaintiff excepted to both of these rulings against him.

This is a brief statement of the, to say the least, very remarkable proceedings in this case.

The appeals are no less remarkable, both as to their character and numbers.

The defendant appeals : *First*—from the judgment of the 21st of January. *Second*—from so much of the order of the Court made on the 2d of March as fixed

26

the costs at $20.  *Third*—from the order of the Court made on the 6th of April. refusing to quash and set aside the execution.  *Fourth*—from the order refusing to retax costs.  *Fifth*—from the order of the Court refusin'g the relief asked by Defendant; from the judgment and other proceedings.

The Plaintiff appeals from the order of the Court vacating the judgment opening the default, and allowing the defendant to answer on terms; also from the order of the Court refusing to strike from the files a certain affidavit, and in refusing to expunge scandalous and impertinent matters from other affidavits filed by Defendant; and from the order refusing to allow the Plaintiff to file and read certain affidavits offered by him.

The Defendants' appeal from the judgment must be dismissed.  There was no judgment to appeal from.  The order of the Court vacating the judgment and opening the default was absolute, and effectually disposed of the only judgment that was ever entered in this case.  The only condition that was attached to the order was in reference to the Defendant's leave to file an answer.  Leave was given to file that within five days upon payment of twenty dollars as costs upon the motion; if this was not done the Plaintiff could again take judgment.  The order does not seem to contemplate that the judgment and default which were then the subject of consideration, were to remain in force and effect, but they were absolutely annulled by the terms of the order, and upon the failure of the Defendant to comply with the terms imposed upon it by the latter part of the order the Plaintiff was to "have judgment."  Upon proof of such failure upon the part of the Defendant, the Plaintiff should have taken a default, and had a judgment entered against it.  This was not done, and the parties have proceeded under the mistaken idea that there was a judgment still standing in the case.

The Defendant paid the twenty-five dollars to the Clerk of the Court below, and filed an answer within the time limited in the order, and tendered a copy to the

Plaintiff's attorney, who did not receive it. The answer is still on file. We think, in view of the peculiar wording of the order, that the payment of the money to the Clerk of the Court was a substantial compliance with its terms in reference to the payment of the costs of the motion, and especially as the Clerk informed the Plaintiff's attorney that it had been paid to him, and that he held it subject to his, the attorney's orders. The answer then was in time, and at the time the subsequent proceedings were had, and the appeals taken, the case stood in the Courts below upon complaint and answer.

The appeals from the orders of the Court in fixing the terms upon which the judgment was vacated, and default opened, and in refusing to retax the costs of the motion are not appealable orders. They are many interlocutory orders made in the progress of the case. The Court had a right to fix the terms upon which it would allow the Defendant to answer, upon vacating the judgment and opening the default, and in addition to the terms fixed in the motion the Court should have required the Defendant to pay all the costs in the case up to that time. But if there was any error in this it is not such error as the Defendant can take advantage of, even if he could appeal from the orders, as it was to his benefit. A judgment or order will not be reviewed in this Court for an error favorable to the Appellant.

An appeal does not lie from an order on a motion to retax costs, such an order can only be reviewed by an appeal from the judgment and annexing a statement to the judgment roll.

The other motions from the orders made upon which the Defendant appeals were properly overruled. The motions themselves were made upon the false supposition that they were motions made after judgment, and were appealed from as such, when in fact there was no judgment to base them upon, or to which they could refer.

The first appeal of the Plaintiff is from an order which is not appealable. An order of the Court vacating a judgment and opening a default, can be examined in this

Court only on an appeal from the judgment. The other orders of the Court appealed from by the Plaintiff, like some of the motions made by Defendant, above referred to, were made upon the mistaken idea that they were special orders made after judgment. So far as these motions and orders are concerned, the judgment which had been vacated was as though it had never existed. These motions should never have been made, and there was no error in overruling them.

The appeals are all dismissed, and the cause is remanded to the Third District Court for further proceedings in that Court upon the complaint and answer.

BOREMAN, J., concurred.